IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>    Plaintiff,<br><br>v.<br><br>ACM SERVICES, INC.,<br>12022 Parklawn Drive<br>Rockville, MD 20852<br><br>    Defendant. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of race, national origin, sex and conduct protected under Section 704(a) of Title VII and to provide appropriate relief to two aggrieved persons who filed charges of discrimination, a class of aggrieved Black job applicants/job seekers, and a class of female job applicants who were adversely affected by such practices.

As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant ACM Services, Inc. engaged in race, sex, national origin and retaliatory discrimination in terms and conditions of employment (work environment), hiring, recruiting, and/or discharge in violation of Title VII and has failed to retain job applications and other personnel records in violation of Title VII and Commission procedural regulations.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant ACM Services, Inc., a Maryland corporation, has continuously been doing business in the State of Maryland, as well as other jurisdictions, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Yansi Carranza and Nancy Aronez filed charges of discrimination with the Commission or with a local fair employment practices agency acting as agent for the Commission alleging

violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Beginning in January 2005, Defendant has engaged in unlawful employment practices at its Rockville, Maryland location and other business operation locations in violation of Section 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

8. On or about January 18, 2008 until on or about June 15, 2009, Defendant subjected Charging Party Yansi Carranza to a continuing course of unwelcome and offensive harassment because of her sex, female, and race and national origin, Hispanic, in violation of Title VII, including but not limited to invitations to engage in a sexual relationship, frequent display of graphic sexual images of women, derogatory references to Hispanic persons and Hispanic women that were overtly based on race/ethnicity, and other conduct. The aforementioned unlawful harassment created a hostile work environment on the basis of sex and race/national origin.

9. On or about June 15, 2009, Defendant discharged Carranza for engaging in conduct protected under Section 704(a), i.e., for opposing harassment and other practices she believed to be unlawful discrimination.

10. On or about November 2007 until June 2010, Defendant, acting through its managerial personnel, subjected Charging Party Nancy Aronez to a continuing course of unwelcome and offensive harassment because of her sex, female, race and national origin, Hispanic, and association with persons of another race, Black, in violation of Title VII, including but not limited to frequent sexual comments about herself and other females, display of graphic sexual images of women, derogatory references to Hispanic persons and Hispanic women that were overtly based on race/ethnicity, derogatory references to the race of men with whom she had close association, and other conduct. The aforementioned

unlawful harassment created a hostile work environment on the basis of sex and race/national origin.

11. On or about September 2009 until July 2010, Defendant made material changes to Aronez's job responsibilities for engaging in conduct protected under Section 704(a), i.e., for opposing harassment she believed to be unlawful discrimination. On or about July 9, 2010, Defendant discharged Aronez because she engaged in such conduct.

12. Since at least January 2005, Defendant has subjected a class of aggrieved Black job applicants for field laborer positions to a pattern or practice of discriminatory refusal to hire such persons because of their race, Black, in violation of Title VII.

13. Since at least January 2005, Defendant has subjected a class of aggrieved Black job seekers for field laborer positions to a pattern or practice of discriminatory failure to recruit such persons because of their race, Black, in violation of Title VII. Defendant has used exclusively word-of-mouth recruitment techniques for such positions with the purpose and significant effect of failing to recruit Black job seekers because of race.

14. Since at least March 17, 2009, Defendant has subjected a class of aggrieved female job applicants for field laborer positions to a pattern or practice of discriminatory refusal to hire such persons because of their sex, female, in violation of Title VII.

15. Since at least July 1, 2008, Defendant has failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that it has made or received and has failed to preserve relevant records until final disposition of a charge of discrimination in violation of Title VII and the Commission's Regulations set forth at 29 C.F.R. § 1602.14, including but not limited to employment applications.

16. The effect of the practices complained of in paragraphs 7-15, above, has been to deprive Yansi Carranza, Nancy Aronez, a class of Black job applicants/job seekers, and a class of female job applicants of equal employment opportunities and otherwise adversely affect their status as employees and applicants because of sex, national origin, race, or conduct protected under Section 704(a) of Title VII.

17. The unlawful employment practices complained of in paragraphs 7-15, above, were and are intentional.

18. The unlawful employment practices complained of in paragraphs 7-15, above, were and are done with malice or with reckless indifference to the federally protected rights of Yansi Carranza, Nancy Aronez, a class of Black job applicants/job seekers, and a class of female job applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race, sex, national origin and retaliatory discrimination, including harassment, discriminatory denial of hire, discriminatory recruiting techniques, discharge and any other employment practice which discriminates on the basis of race, sex, national origin or conduct protected under Section 704(a) of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Yansi Carranza by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

D.  Order Defendant to make whole Nancy Aronez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

E.  Order Defendant to make whole a class of aggrieved Black job applicants and other Black job seekers by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof.

F.  Order Defendant to make whole a class of aggrieved female job applicants by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof.

G.  Order Defendant to make whole Yansi Carranza by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-15, above, in amounts to be determined at trial.

H.  Order Defendant to make whole Nancy Aronez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-15, above, in amounts to be determined at trial.

I. Order Defendant to make whole a class of aggrieved Black job applicants and other Black job seekers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-15, above, in amounts to be determined at trial.

J. Order Defendant to make whole a class of aggrieved female job applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-15, above, in amounts to be determined at trial.

K. Order Defendant to make whole Yansi Carranza by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-15, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

L. Order Defendant to make whole Nancy Aronez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-15, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

M. Order Defendant to make whole a class of aggrieved Black job applicants and other Black job seekers by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-15, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

N.   Order Defendant to make whole a class of aggrieved female job applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-15, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

O.   Order Defendant to pay Yansi Carranza punitive damages for the malicious and reckless conduct described in paragraphs 7-15, above, in amounts to be determined at trial.

P.   Order Defendant to pay Nancy Aronez punitive damages for the malicious and reckless conduct described in paragraphs 7-15, above, in amounts to be determined at trial.

Q.   Order Defendant to pay a class of aggrieved Black job applicants and other Black job seekers punitive damages for the malicious and reckless conduct described in paragraphs 7-15, above, in amounts to be determined at trial.

R.   Order Defendant to pay a class of aggrieved female job applicants punitive damages for the malicious and reckless conduct described in paragraphs 7-15, above, in amounts to be determined at trial.

S.   Grant a permanent injunction ordering Defendant to maintain job applications and other personnel records in compliance with Title VII and Commission Procedural Regulations set forth at 29 C.F.R. § 1602.14, and order such other relief in connection with the proceedings and trial of this action that is appropriate in light of Defendant's failure to preserve personnel and employment records as required by law, including but not limited to precluding Defendant from asserting defenses to which such records were relevant and to charge the jury with adverse inference instructions regarding


records no longer available due to Defendant's failure to comply with Title VII and 29 C.F.R. § 1602.14 or other improper disposition of evidence.

  T. Grant such further relief as the Court deems necessary and proper in the public interest.

  U. Award the Commission its costs of this action.

<p align="center"><u>JURY TRIAL DEMAND</u></p>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

           Respectfully submitted,

           U.S. EQUAL EMPLOYMENT
           OPPORTUNITY COMMISSION

           P. DAVID LOPEZ
           General Counsel

           JAMES L. LEE
           Deputy General Counsel

           GWENDOLYN YOUNG REAMS
           Associate General Counsel

           _____
           DEBRA M. LAWRENCE (Bar No. 04312)
           Regional Attorney
           EEOC – Philadelphia District Office
           City Crescent Building, 3rd Floor
           10 South Howard Street
           Baltimore, Maryland 21201
           Telephone number: (410) 209-2734
           Facsimile number: (410) 962-4270

           _____
           RONALD L. PHILLIPS
           Supervisory Trial Attorney
           EEOC – Baltimore Field Office
           City Crescent Building, 3rd Floor
           10 South Howard Street
           Baltimore, Maryland 21201

Telephone number: (410) 209-2737
Facsimile number: (410) 962-4270